SERAFÍN SOTO-BARROS, Plaintiff and Appellee, *v.* INSULAR RACING COMMISSION, Defendant and Appellee, and LAS MONJAS RACING CORPORATION, Intervenor and Appellant.

No. 4429. Argued March 15, 1928.—Decided July 10, 1928.

*Feliú & La Costa* for the intervenor and appellant. *José Soto Rivera* and *Guerra Mondragón & Soldevilla* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

Las Monjas Racing Corporation appealed from an order denying it the right to intervene in a mandamus proceeding begun by Serafín Soto Barros against the Insular Racing Commission.

Serafín Soto Barros in his petition for mandamus had recited that he was the sub-lessee of the racing track known as "Las Casas Racing Park"; that he had paid all the fees and complied with all the regulations of the law, and that nevertheless the Insular Racing Commission had denied him a license.

The petition of Las Monjas Racing Corporation was in effect that it already had a hippodrome; that if a license were granted Serafín Soto Barros competition would arise between the two racing tracks whereby Las Monjas Racing Corporation would be greatly prejudiced; that the public that would attend the races was more or less the same, and that the proposed intervenor would thereby suffer a reduction of its income and hence financial loss.

After a similar exposition of facts and a reference to section 72 of the Code of Civil Procedure the District Court of San Juan decided substantially that Las Monjas Racing Corporation did not desire intervention because it had any

interest in the mandamus suit or because it had any right as against the complainant or defendant, but simply because it had an economic interest in preventing Serafín Soto Barros from obtaining a license, as such a concession would reduce the profits; that no one who had obtained a license had a right to exclude all others; that Las Monjas Racing Corporation, as shown by the pleadings, wished to interpose the same defenses that belonged to the Insular Racing Commission; that the mandamus, if granted, would have to be against said commission and not against the proposed intervenor, but that it was only the commission that had a right to grant a license and against it alone could any order or command issue.

The court is unquestionably right and we have little to add to its reasoning. The writ of mandamus is to compel the performance of duties, and the attempt of the petitioner was in the ultimate analysis an attempt to affect the discretion, if any there was, both of the Insular Racing Commission and of the court. The proposed intervenor had no interest in this suit and the order appealed from will be affirmed.